JOHN S. PURCELL (SBN 158969)
john.purcell@afslaw.com
DOUGLAS E. HEWLETT JR. (SBN 293438)
douglas.hewlett@afslaw.com
JAY WILLIAMS (admitted *pro hac vice*)
jay.williams@afslaw.com
PAULA M. KETCHAM (admitted *pro hac vice*)
paula.ketcham@afslaw.com
ROBERT D. BOLEY (admitted *pro hac vice*)
robert.boley@afslaw.com
SARAH M. OLIGMUELLER (admitted *pro hac vice*)
sarah.oligmueller@afslaw.com
DEVIN ROSS (admitted *pro hac vice*)
devin.ross@afslaw.com
**ARENTFOX SCHIFF LLP**
555 S. Flower Street, 43rd Floor
Los Angeles, California 90071
Telephone:  213.629.7400
Facsimile:   213.629.7401

*Attorneys for USAA Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NEVILLE ABRAHAM, III, PARRY ABRAHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and CCC INTELLIGENT SOLUTIONS INC.,<br><br>Defendants. | Case No.: 5:24-cv-01182-KK-SPx<br><br>Assigned for All Purposes to:<br>Hon. Kenly Kiya Kato; Courtroom 3<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed: June 5, 2024 |

| | | |
|---|---|---|
| 1 | DENISE STOTT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:24-cv-07395-KK-SP |
| 2 | | |
| 3 | Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 4 | v. | |
| 5 | UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, and CCC INTELLIGENT SOLUTIONS INC., | Judge:   The Hon. Kenly Kiya Kato |
| 6 | |            Magistrate Judge Pym |
| 7 | | Ctrm:   3, 3d Floor |
| 8 | | Complaint Filed: August 29, 2024 |
| 9 | | |
| 10 | Defendants. | |

1. **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties[1] hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**B.    GOOD CAUSE STATEMENT**

This Action is likely to involve sensitive personal information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal

---

[1] As used herein, "Parties" shall collectively refer to the Plaintiffs and Defendants named in the Consolidated Class Action Complaint to be filed on or before May 2, 2025 ("Complaint"), unless otherwise agreed by the Parties or ordered by the Court, and any subsequent amended versions of the Complaint.

statutes, court rules, case decisions, or common law. Additionally, the parties recognize the need to provide for the expeditious and secure transfer of "protected health information" (also referred to herein as "PHI") to other parties and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  DEFINITIONS

2.1  <u>Action</u>: This pending federal lawsuit: *Abraham, et al. v. United Services Automobile Association, et al.*, Case No. 5:24-cv-01182-KK-SP.

2.2  <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3  <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement. Unless designated as "ATTORNEYS' EYES ONLY," or otherwise agreed to by the Parties or ordered by the Court, personally identifiable information and financial information, which shall include payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers,

employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers shall be treated as though designated "CONFIDENTIAL," regardless of whether it is designated as such. As with any other information designated as CONFIDENTIAL, Parties may challenge the treatment of such information as CONFIDENTIAL pursuant to the procedures set forth in Section H of this Order.

2.4 <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things involving extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "ATTORNEYS' EYES ONLY" or CONFIDENTIAL."

2.7 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, deposition testimony, or responses to discovery in this Action.

2.8 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or

other legal entity not named as a Party to this Action.

  2.11 <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

  2.12 <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.13 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  2.14 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.15 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "ATTORNEYS' EYES ONLY" or CONFIDENTIAL."

  2.16 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

  The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts, derivations, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

  Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material during a court hearing or at

trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited, unless agreed upon by the Parties. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or hinder the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>HIPAA Protected Health Information</u>. The parties recognize the need to

provide for the expeditious and secure transfer of PHI to other parties and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI. To achieve these goals, the parties to the above-referenced action and their attorneys are hereby authorized and agree to receive, subpoena and transmit PHI pertaining to individuals who receive medical treatment that is the subject of claims made under Personal Injury Protection coverage issued by the defendants in this action, to the extent and subject to the conditions outlined herein.

      a.     For the purposes of this Protective Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

      b.     All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose the PHI to attorneys representing the parties in the above-captioned litigation.

      c.     The parties and their attorneys shall be permitted to use or disclose the documents disclosing PHI for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to the parties, their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in this litigation.

      d.     Prior to disclosing PHI to persons involved in this litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other

than this litigation. Counsel agree not to use or disclose the PHI disclosed in this lawsuit for any other purpose or in any other proceeding other than this litigation.

  f. This Protective Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103. 7.8. Nothing in this Protective Order authorizes counsel for either party to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

  g. Documents disclosing PHI shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consistent with Section 5.2 of this Protective Order. PHI produced in the litigation shall be filed under seal. Sections 4 and 6 of this Protective Order shall govern the filing of PHI under seal.

  5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

  Designation in conformity with this Order requires:

  (a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) under this Order must be clearly so designated before the material is disclosed or produced.

  A Party or Non-Party that makes original documents or other materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and

produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony. Additionally, any Party or Non-Party may, within 15 days after receiving the transcript of the deposition, designate portions of the transcript, or exhibits thereto, as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for information produced by a Non-Party, including pursuant to non-party subpoenas for documents, testimony, or other information, Parties' counsel shall have fourteen (14) days after receiving the production to mark any Confidential Information produced by a Non-Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." This requires the Parties to treat all documents, testimony and information produced by Non-Parties as "ATTORNEYS' EYES ONLY" for fourteen (14) days after production. After the expiration of that 14-day period, counsel for the Parties are free to share the produced documents with their client(s) assuming they

have not been marked "ATTORNEYS' EYES ONLY."

5.4     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

6.3     <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

      (a) the Receiving Party's in-house counsel or Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and its personnel;

      (e) private court reporters and their staff;

      (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably should have known the information;

      (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or acknowledges they will abide by the Protective Order during the deposition; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) any court exercising appellate jurisdiction over this dispute, and its personnel; and

(k) any other persons as the Parties may agree to in writing or as the Court may otherwise direct.

7.3  <u>Disclosure of documents or information marked "ATTORNEYS' EYES ONLY."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the persons listed in Sections 7.2(a), 7.2(d), 7.2(e), 7.2(f), 7.2(h), 7.2(i), 7.2(j), and 7.2(k) unless additional persons are stipulated by counsel or authorized by the Court.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific

- 14 -

1 description of the information requested; and

2 (3) make the information requested available for inspection by the
3 Non-Party, if requested.

4 (c) If a Non-Party fails to object or seek a protective order from this
5 Court within 14 days of receiving the notice and accompanying information or fails
6 contemporaneously to notify the Receiving Party that it has done so, the Receiving
7 Party may produce the Non-Party's confidential information responsive to the
8 discovery request. If the Non-Party timely seeks a protective order, the Receiving
9 Party shall not produce any information in its possession or control that is subject to
10 the confidentiality agreement with the Non-Party before a determination by the Court
11 unless otherwise required by the law or court order. Absent a court order to the
12 contrary, the Non-Party shall bear the burden and expense of seeking protection in
13 this Court of its Protected Material.

14 **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
16 Protected Material to any person or in any circumstance not authorized under this
17 Protective Order, the Receiving Party must immediately (a) notify in writing the
18 Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
19 all unauthorized copies of the Protected Material, (c) inform the person or persons to
20 whom unauthorized disclosures were made of all the terms of this Order, and
21 (d) request such person or persons to execute the "Acknowledgment and Agreement
22 to Be Bound" (Exhibit A). Unauthorized disclosure by a Receiving Party may expose
23 the Receiving Party to sanctions.

24 **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
25 **PROTECTED MATERIAL**

26 When a Producing Party gives notice to Receiving Parties that certain
27 inadvertently produced material is subject to a claim of privilege or other protection,
28 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection does not constitute a waiver of the attorney-client privilege or work product protection in this proceeding or any other proceeding in state or federal court or other tribunal.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4    Effectiveness when Executed.  Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of the Court until it is formally approved by the Court.

**13.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return

all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## 14. VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 21, 2025         /s/ *Douglas E. Hewlett, Jr.*
                              ARENTFOX SCHIFF LLP
                              Douglas E. Hewlett, Jr. (SBN 293438)
                              One of the Attorneys for USAA Defendants

| | | |
|---|---|---|
| 1 | DATED: March 21, 2025 | /s/ *Timothy B. Hardwick* |
| 2 | | GOODSMITH GREGG & UNRUH LLP |
| | | Timothy B. Hardwicke (*pro hac vice*) |
| 3 | | One of the Attorneys for Defendant CCC Intelligent Solutions Inc. |
| 4 | | |

DATED: March 21, 2025  /s/ *Daniel Robinson*

ROBINSON CALCAGNIE, INC.
Daniel S. Robinson (SBN 244245)

Ricardo Echeverria (SBN 166409)
SHERNOFF BIDART ECHEVERRIA LLP

Stephen G. Larson (SBN 145225)
LARSON LLP

Franklin D. Azar (*pro hac vice*)
FRANKLIN D. AZAR & ASSOCIATES, P.C.

Attorneys for Plaintiffs and the Proposed Class

### L.R. 5-4.3.4(a)(2) CERTIFICATION

I hereby certify that all signatories listed and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

DATED: March 21, 2025  /s/ *Douglas E. Hewlett, Jr.*
Douglas E. Hewlett, Jr.

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order. **IT IS SO ORDERED.**

Dated: March 25, 2025

_____
THE HONORABLE SHERI PYM
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Abraham, et al. v. United Services Automobile Association, et al.*, Case No. 5:24-cv-01182-KK-SP. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

**Date**: _____

**City and State where sworn and signed**: _____

**Printed name**: _____

**Signature**: _____